UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| OPUS PORTFOLIO, LTD | § |
| | § |
| | § SA09CA0363 XR |
| vs. | § CIVIL ACTION NO. _____ |
| | § |
| JOSEPH P. KOZ and | § |
| NEW HORIZONS INTERNATIONAL | § |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

PLAINTIFF, OPUS PORTFOLIO, LTD. (Opus and/or Plaintiff), files this Original Complaint against DEFENDANTS JOSEPH P. KOZ (Koz) and NEW HORIZONS INTERNATIONAL (NHI) (collectively, Defendants) and respectfully shows the Court:

JURISDICTION AND VENUE

1. The federal courts have jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §1332 in that there is complete diversity of the parties. Plaintiff is a limited partnership organized and existing under the laws of Texas with its principal place of business in Texas. Defendant Koz is an individual citizen and resident of the Commonwealth of Virginia. Defendant NHI is a corporation organized and existing under the laws of the State of Florida and has its principal place of business in Florida.

2. The amount in controversy exceeds the amount of $75,000.00.

3. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Texas. The Defendants engaged in business and commerce with a Texas resident and this suit arises directly out of that business relationship. Specifically, Defendants executed a

1

series of promissory notes payable to Plaintiff. Each of the promissory notes upon which suit is brought requires payment to be made to Plaintiff at its principle business office in Bexar County, Texas which is located in the Western District of Texas. The Defendants' failure to pay each of the promissory notes in Bexar County, Texas, as required by their terms, constitutes a default and omission in this district and division.

## PARTIES AND SERVICE OF PROCESS

4.  Plaintiff, OPUS PORTFOLIO, LTD. is a Texas limited partnership, whose address and principle place of business is 4091 DeZavala Rd., Suite # 2, San Antonio, Bexar County, Texas 78249.

5.  Defendant, JOSEPH P. KOZ, is an individual residing in Fairfax County, Virginia and may be served with process at his last known address of 6408 Boulevard VW # 200, Alexandria, Virginia 22307-1413. In the alternative, Defendant Koz is believed to be temporarily residing on board the motor vessel "The World" which is or will be berthed at the San Diego Cruise Ship Terminal, Berth B-2 located at 1140 North Harbor Drive, San Diego, California 92101 on or about May 8-9, 2009 and Defendant Koz may be served at that location. Service may be made in conformity with the Texas Long Arm Statute by personally serving the Defendant in either Virginia or where he may be found aboard the vessel "The World."

6.  Defendant, NEW HORIZONS INTERNATIONAL, is a Florida corporation that is not authorized to do business in Texas and does not have a registered agent in Texas. New Horizons International may be served with process by delivery of the summons to Joseph P. Koz, its chief executive officer at 14471 Miramar Parkway, Suite 401, Miramar, Florida 33027-4182. In the alternative, Joseph P. Koz is believed to be temporarily residing on board the motor vessel "The World" which is or will be berthed at the San Diego Cruise Ship Terminal, Berth B-2, 1140

North Harbor Drive, San Diego, California 92101 on or about May 8-9, 2009 and Defendant New Horizons International may be served by serving Joseph P. Koz at that location. Service may be made in conformity with the Texas Long Arm Statute by personally serving the Defendant's chief executive officer Joseph P. Koz in either Virginia or where he may be found aboard the vessel "The World."

## BACKGROUND FACTS

### NOTES AND SECURITY AGREEMENTS

7. Attached to this petition as <u>Exhibit "A"</u> is a copy of that certain Promissory Note dated October 19, 2005 in the original principal amount of $100,000.00 payable to the order of Opus Portfolio, Ltd. ("Note 1"). Plaintiff is the owner and holder of this note and is entitled to receive all money due under its terms. The note is incorporated in this petition by reference.

8. To secure the debt created by Note 1, Defendants executed a security agreement dated December 19, 2005 ("Security Agreement 1"), granting Plaintiff a security interest in that certain promissory note in the original face amount of $350,000.00 issued by Phillip T. Parker as Maker and payable to Koz, NHI as payee ("Collateral Note 1"), including all personal property and all supporting obligations and proceeds of such property, as well as all promissory notes, renewals and extensions of the Note and all after-acquired Note of the same classification. Collateral Note 1 is secured by a lien on 1982 Horse Shoe Drive, Vienna, VA 22182 ("Collateral Property 1"). Security Agreement 1 is attached hereto as <u>Exhibit "B"</u> and is incorporated in this petition by reference.

9. Attached to this petition as <u>Exhibit "C"</u> is a copy of that certain Promissory Note dated December 20, 2005 in the original principal amount of $200,000.00 payable to the order of

Opus Portfolio, Ltd. ("Note 2"). Plaintiff is the owner and holder of this note and is entitled to receive all money due under its terms. The note is incorporated in this petition by reference.

10. To secure the debt created by Note 2, Defendants executed a security agreement of even date with Note 2 ("Security Agreement 2") granting Plaintiff a security interest in that certain promissory note in the original face amount of $1,200,000.00 issued by Kamal Abdallah as Maker and payable to Koz, NHI as payee ("Collateral Note 2"), including all personal property and all supporting obligations and proceeds of such property, as well as all promissory notes, renewals and extensions of the Note and all after-acquired Note of the same classification. Collateral note 2 is secured by a lien on 2202 North Young Boulevard, Chiefland, FL 32626 (Collateral Property 2"). Security Agreement 2 is attached hereto as <u>Exhibit "D"</u> and is incorporated in this petition by reference.

11. Attached to this petition as <u>Exhibit "E"</u> is a copy of that certain Promissory Note dated January 18, 2006 in the original principal amount of $200,000.00 payable to the order of Opus Portfolio, Ltd. ("Note 3"). Plaintiff is the owner and holder of this note and is entitled to receive all money due under its terms. The note is incorporated in this petition by reference.

12. To secure the debt created by Note 3, Defendants executed a security agreement of even date with Note 3 ("Security Agreement 3") granting Plaintiff a security interest in that certain promissory note in the original face amount of $800,000.00 issued by Robert V. Le and payable to Koz, NHI as payee ("Collateral Note 3"), including all personal property and all supporting obligations and proceeds of such property as well as all promissory notes, renewals and extensions of Collateral Note 3 and all after-acquired 13 Note of the same classification. Collateral Note 3 is secured by a lien on the property located at 210 Federal Street, Pittsburgh,

PA 15212 ("Collateral Property 3"). Security Agreement 3 is attached hereto as <u>Exhibit "F"</u> and is incorporated in this petition by reference.

13. Attached to this petition as <u>Exhibit "G"</u> is a copy of that certain Promissory Note dated April 17, 2006 in the original principal amount of $100,000.00 payable to the order of Opus Portfolio, Ltd. ("Note 4"). Plaintiff is the owner and holder of this note and is entitled to receive all money due under its terms. The note is incorporated in this petition by reference.

14. To secure the debt created by Note 4, Defendants executed a security agreement of even date with Note 4 ("Security Agreement 4") granting Plaintiff a security interest in that certain promissory note in the original face amount of $383,400.00 issued by Robert Casola and payable to Koz, NHI as payee, ("Collateral Note 4"), including all personal property and all supporting obligations and proceeds of such property, as well as all promissory notes, renewals and extensions of Collateral Note 4 and all after-acquired Notes of the same classification. Collateral Note 4 is secured by a lien on the property located at 207 Groveland Farm Road, Groveland, FL 34736 ("Collateral Property 4"). Security Agreement 4 is attached hereto as <u>Exhibit "H"</u> and is incorporated in this petition by reference.

<u>FIRST CAUSE OF ACTION-BREACH OF CONTRACT</u>

15. Default exists under the Notes and the Security Agreements described in paragraphs 7–14 above, for the following reasons:

16. Note 1 matured on November 30, 2006. Defendants failed to pay the balance of principal and accrued but unpaid interest then due. There is currently due the principal sum of $100,000.00 plus all accrued but unpaid interest in accordance with the terms of Note 1.

17. Note 2 matured on January 1, 2007. Defendants failed to pay the balance of principal dnd accrued but unpaid interest then due. There is currently due the principal sum of $200,000.00 plus all accrued but unpaid interest in accordance with the terms of Note 2.

18. Note 3 matured February 1, 2007. Defendants failed to pay the balance of principal and accrued but unpaid interest then due. There is currently due the principal sum of $200,000.00 plus all accrued but unpaid interest in accordance with the terms of Note 3.

19. Note 4 matured on April 17, 2007. Defendants failed to pay the balance of principal and accrued but unpaid interest then due. There is currently due the principal sum of $100,000.00 plus all accrued but unpaid interest in accordance with the terms of Note 4.

20. The Defendants' failure to pay each of the Notes in accordance with their terms constitutes a default under the terms of the respective note and is a breach of contract. Plaintiff has incurred damages resulting from each such breach in the amount of the respective note, plus all accrued and unpaid interest.

## CONDITIONS PRECEDENT

21. All conditions precedent have been performed or have occurred.

## ATTORNEY'S FEES

22. Defendants' default and breach of contract has made it necessary for Plaintiff to employ the undersigned attorney to file suit. This claim was timely presented to Defendants and remains unpaid. Defendants have contractually agreed to pay reasonable attorney's fees for collection in case of default as show on Exhibits, A, C, E and G.

## PRAYER

Plaintiff prays that:

a. Defendants each be cited to appear and answer;

b. Plaintiff be granted judgment for $100,000.00 as the principal amount due on Note 1.

c. Plaintiff be granted judgment for $200,000.00 as the principal amount due on Note 2.

d. Plaintiff be granted judgment for $200,000.00 as the principal amount due on Note 3.

e. Plaintiff be granted judgment for $100,000.00 as the principal amount due on Note 4.

f. Plaintiff be granted judgment for all accrued and unpaid interest due on Note 1;

g. Plaintiff be granted judgment for all accrued and unpaid interest due on Note 2;

h. Plaintiff be granted judgment for all accrued and unpaid interest due on Note 3;

i. Plaintiff be granted judgment for all accrued and unpaid interest due on Note 4;

j. Plaintiff be granted judgment for postjudgment interest at the highest legal or contractual rate allowed by law;

k. Plaintiff be granted judgment for reasonable attorney's fees, as provided in the Notes;

l. Plaintiff be granted foreclosure of Plaintiff's security interest in the collateral

m. Costs of suit;

n.   Post-judgment interest on the foregoing sums at the highest rate permitted by law;

o.   And such other and further relief to which Plaintiff may be justly entitled.

                Respectfully submitted,

                RAY, VALDEZ, McCHRISTIAN & JEANS, P. C.

                By: _____
                      H. L. Buddy Socks
                      State Bar No.: 18819800

1250 N. E. Loop 410, Suite 700
San Antonio, Texas 78209
(210) 341-3554
(210) 341-3557 FAX

ATTORNEYS FOR PLAINTIFF
OPUS PORTFOLIO, LTD