# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| OPUS PORTFOLIO, LTD., § | | |
| § | | |
| Plaintiff, § | | |
| v. § | CIVIL ACTION NO. | |
| § | | |
| JOSEPH P. KOZ and § | SA-09-CV-0363 XR | |
| NEW HORIZONS INTERNATIONAL, § | | |
| § | | |
| Defendants. § | | |

## ORDER GRANTING MOTION FOR PROTECTIVE ORDER AND DENYING MOTION TO COMPEL

The matters before the Court are defendants' motion for protective order (docket entry 21) and plaintiff's motion to compel (docket entry 22). Both motions have been referred to the me for disposition.

Plaintiff brought this action to recover $600,000.00 due on promissory notes executed by defendants Koz and New Horizons International. This discovery dispute involves plaintiff's attempt to take the deposition of defendant Koz, individually and as corporate representative of defendant New Horizons International. Plaintiff noticed the depositions to take place in San Antonio on March 8, 2010. Defendants ask for protection from the deposition notice stating that Koz resides on a boat which will be in Indonesia on March 8. Koz has agreed to be available by telephone.

Plaintiff responds that it desires to take Koz's deposition in person. Koz does not plan to be in the United States again until September 2010. The discovery deadline expires on March 26. Trial is currently scheduled in June 2010.

The motion for protective order is premised on Federal Rule of Civil Procedure 26(c) which

1

authorizes the court to make any order which justice requires to protect a party from annoyance, embarrassment, oppression or undue burden or expense. In determining whether the deposition which is the subject of this discovery dispute warrants entry of a protective order, I note that typically the examining party designates the location of a deposition. A protective order may be issued to change the location when a legitimate hardship is shown. As a general rule the location of a deposition is determined by the residence or place of business of the deponent; not on the location of the court where the case is pending, or on the residence or for the convenience of the opposing party.[1]

Here, plaintiff noticed the deposition for San Antonio. Defendant Koz represents that he resides on a boat which will be in Indonesia on the date scheduled for the deposition and that he does not plan to be in the United States again for several months. This representation is sufficient to support a finding of hardship and entitlement to a protective order. Plaintiff has not shown that exceptional circumstances are present so as to require defendant Koz to return to the United States for the deposition. Plaintiff has not offered to pay the travel and other expenses of Koz to return to the United States for the deposition, offered any alternative to appearance in person in San Antonio for this deposition, or shown that this discovery is critical to proving up its case or responding to defenses to its claims.

Accordingly, the motion for protective order is ORDERED GRANTED such that the deposition of Koz, individually and as corporate representative, scheduled for March 8, 2010 in San Antonio is QUASHED, and plaintiff's motion to compel Koz to appear in San Antonio on March

---

[1] *See e.g. O'Sullivan v. Rivera*, 229 F.R.D. 187 (D. New Mexico 2004) (while the examining party generally designates the location for the deposition of another party, the court may grant a protective order to require a different location, and because the plaintiff has greater influence over the choice of forum, courts are more willing to intervene in the favor of defendants).

2

8, 2010 or at any other date before March 26, 2010 is DENIED.

Nevertheless, in the interests of justice, it is ORDERED that defendant Koz shall notify plaintiff of the <u>dates</u> he will be in the United States, in any port of the United States, or within the territorial waters of the United States, for <u>any purpose</u> for any <u>length of time</u> and the <u>locations</u> for those visits so long as this case remains pending, with notice being provided at least 14 days before the date of his arrival in the United States. The court will entertain any necessary motions to compel relating to discovery directed to defendants which may be filed outside the established discovery period.

**SIGNED** on March 2, 2010.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE