**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| OPUS PORTFOLIO, LTD., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-09-CV-363-XR |
| | § | |
| JOSEPH P. KOZ and | § | |
| NEW HORIZONS INTERNATIONAL, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

On this day, the Court considered Plaintiff's Motion for Summary Judgment (Docket Entry No. 15).  Having considered the motion, available evidence, and Defendants' response, the motion is GRANTED.

**Background**

Plaintiff Opus Portfolio and Defendants Joseph P. Koz and New Horizons International executed four promissory notes payable to Opus Portfolio.  Opus Portfolio is the owner and holder of the notes.  The following is a summary of the four notes:

1.  On October 19, 2005, Opus Portfolio and Joseph P. Koz and New Horizons International executed a promissory note in the amount of $100,000, payable to Opus Portfolio.[1]  To secure the debt created by the note, Defendants executed a security agreement on December 19, 2005.[2]  The note matured on November 30, 2006.

---

[1]Pl.'s 1st Am. Compl. Ex. A, May 12, 2009 (Docket Entry No. 4).

[2]*Id.* Ex. B.  The Collateral is described as:
An amount equal to $100,000 (28.6%) of Debtor's interest in that certain promissory note in the original face amount of $350,000 issued by Phillip T. Parker as Maker and payable to Debtor as payee, (the "Note"), including all personal property and all supporting obligations and proceeds of such property, as well as all promissory

2.      On December 20, 2005, Plaintiff and Defendants executed another promissory note in the amount of $200,000, payable to Opus Portfolio.[3]  To secure the debt created by the note, Defendants executed a security agreement on the same day.[4]  The note matured on January 1, 2007.

3.      On January 18, 2006, Plaintiff and Defendants executed another promissory note in the amount of $200,000, payable to Opus Portfolio.[5]  To secure the debt created by the note, Defendants executed a security agreement on the same day.[6]  The note

---

notes, renewals and extensions of the Note and all after-acquired Note[s] of the same classification.  The Note is secured by a lien on 1982 Horse Shoe Drive, Vienna, VA 22182 (the "Property") as created and described in the files of Record in Fairfax County, Virginia.

[3] *Id.* Ex. C.

[4] *Id.* Ex. D.  The collateral is described as:
An amount equal to $200,000 (16 2/3%) of Debtor's interest in that certain promissory note in the original face amount of $1,200,000 issued by Kamal Abdallah as maker and payable to Debtor as payee, (the "Note"), including all personal property and all supporting obligations and proceeds of such property, as well as all promissory notes, renewals and extensions of the Note and all after-acquired Note[s] of the same classification.  The Note is secured by a lien on 2202 North Young Boulevard, Chiefland, FL 32626 (the "Property") as created and described in Flood Map Panel Number # 120145-00500, files of Record in Levy County, Florida.

[5] *Id.* Ex. E.

[6] *Id.* Ex. F.  The collateral is described as:
An amount equal to $200,000 (25%) of Debtor's interest in that certain promissory note in the original face amount of $800,000 issued by Robert V. Le and payable to Debtor as payee, (the "Note"), including all personal property and all supporting obligations and proceeds of such property, as well as all promissory notes, renewals and extensions of the Note and all after-acquired Note[s] of the same classification.  The Note is secured by a lien on the property located at 210 Federal Street, Pittsburgh, PA 15212 in the files of Record in

matured on February 1, 2007.

4.      On April 17, 2006, the parties executed another promissory note in the amount of $100,000, payable to Opus Portfolio.[7]  To secure the debt created by the note, Defendants executed a security agreement on the same day.[8]  The note matured on April 17, 2007.

Koz and New Horizons have not paid the amounts due nor have they paid the accrued interest.  Opus Portfolio filed suit for breach of contract.  Opus Portfolio claims that Defendants owe $600,000 in principal plus interest of $36,791.08.

## Procedural History

The Court authorized the United States Marshal to serve Defendant Joseph P. Koz at his dwelling aboard the ship known as "The World," wherever the motor vessel could be found in a United States port or United States territorial waters.[9]  Plaintiff moved for summary judgment on its claim for breach of contract.[10]  Defendants responded, reiterating their affirmative defenses—but

---

Allegheny County, Pennsylvania.

[7]*Id.* Ex. G.

[8]*Id.* Ex. H.  The collateral is described as:
> An amount equal to $100,000 (26%) of Debtor's interest in that certain promissory note in the original face amount of $383,400 issued by Robert Casola and payable to Debtor as payee, (the "Note"),[]including all personal property and all supporting obligations and proceeds of such property, as well as all promissory notes, renewals and extensions of the Note and all after-acquired Notes of the same classification.  The Note is secured by a lien on the property located at 207 Groveland Farm Road, Groveland, FL 34736 in the files of Record in Lake County, Florida.

[9]Order Authorizing Service by U.S. Marshal & Authorizing Substituted Service, May 18, 2009 (Docket Entry No. 6).

[10]Pl.'s Mot. for Summ. J., Oct. 28, 2009 (Docket Entry No. 15).

providing no evidence or affidavits—claiming that the notes were renegotiated by the parties and that Defendants have paid them.[11]  Koz claims that he is unable to assist in his own defense and the defense of New Horizons International because he is ill and that additional discovery is needed to adequately respond to the motion for summary judgment.  Defendants' counsel requested that the Court abate the ruling on Plaintiff's motion for four months.  Plaintiff replied that Defendants failed to present sufficient information to warrant a continuance.[12]  Plaintiff supplemented its reply to claim that Koz's health has not precluded him from disembarking from "The World" at different locations around the world, asserting that he is capable of assisting his lawyers defend this case.[13]  Plaintiff sought to depose Koz on March 8, 2010, Defendants moved for a protective order because Koz was out of the country, and Plaintiff sought to compel the deposition.  The magistrate judge granted a protective order and denied the motion to compel, but ordered Koz to notify Plaintiff of the dates he would be in the United States, in any port of the United States, or the territorial waters of the United States at least fourteen days before the date of his arrival.[14]  The discovery period expired on March 26, 2010, and all dispositive motions were due by March 12, 2010.

## Legal Standard

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant

---

[11]Def.s' Resp. to Pl.'s Mot. for Summ. J., Nov. 20, 2009 (Docket Entry No. 17).

[12]Pl's Reply in Support of its Mot. for Summ. J., Nov. 23, 2009 (Docket Entry No. 18).

[13]Pl.'s Supplemental Reply in Support of its Mot. for Summ. J., Dec. 17, 2009 (Docket Entry No. 20).

[14]Order, Mar. 2, 2010 (Docket Entry No. 23).

is entitled to judgment as a matter of law.  FED. R. CIV. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).  "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  If the moving party fails to meet its burden, then the motion must be denied, regardless of the non-movant's response.  *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001).  Once the moving party meets its initial burden, the nonmoving party "must . . . set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e); *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).  "An opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2); *see also Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

### Analysis

As an initial matter, the Court notes that Defendants responded to Plaintiff's motion for summary judgment with a request to "abate the ruling on Plaintiff's Motion for Summary Judgment for four months."  Rule 56 provides:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

FED. R. CIV. P. 56(f).  Motions pursuant to Rule 56(f) "are broadly favored and should be liberally

granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006).  The party seeking to delay a summary judgment ruling must "present specific facts explaining his inability to make a substantive response as required by Rule 56(e) and by specifically demonstrating 'how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (quoting *S.E.C. v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir.1980), *cert. denied*, 449 U.S. 1082, 101 S.Ct. 866, 66 L.Ed.2d 806 (1981)).  Defendants merely stated that additional discovery was needed and that the deposition of Elton George of Opus Portfolio would "shed a great deal of light on the issues related to Koz'[s] affirmative defenses and Koz should be afforded the opportunity to conduct discovery before being subject to summary disposition."  Defendants cited Koz's illness as the basis for requesting the delay, but provided no response to Plaintiff's affidavit that Koz was traveling around the world and disembarking from "The World" in different countries.  Defendants' request was insufficient to warrant the delay.  In any case, that request is moot since, given the deadlines for discovery, the Court's schedule, and an anticipated trial date, the Court is considering Opus Portfolio's motion for summary judgment five months after Koz and New Horizons International's request for a four month delay.

Summary judgment may be appropriate to resolve a case that involves promissory notes.  *See F.D.I.C. v. Cardinal Oil Well Servicing Co.*, 837 F.2d 1369, 1371 (5th Cir. 1988).  To recover on a promissory note, a plaintiff must show (1) the defendant signed it, (2) the plaintiff is the present owner or holder, and (3) the note is in default.  *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) (citing *F.D.I.C. v. Selaiden Builders, Inc.*, 973 F.2d 1249, 1254 (5th Cir. 1993)); *see also Rabo Agrifinance, Inc. v. Veigel Farm Partners*, No. 2:05-CV-243, 2008 WL 341425, at *2–3 (N.D.

Tex. Feb. 7, 2008).

Here, Plaintiff Opus Portfolio has provided the Court with copies of the four promissory notes.  Each note bears the signature of Defendant Joseph P. Koz individually and as Chief Executive Officer of Defendant New Horizons International.  Each note lists Opus Portfolio as the payee, and the security agreements name Opus Portfolio as the secured party.  Opus Portfolio provides an affidavit stating that it is the present owner and holder of the notes, never having assigned, transferred, sold or pledged the notes.  The affidavit also states that each note is in default. Opus Portfolio has met its burden on summary judgment.

Koz and New Horizons must set out specific facts showing a genuine issue for trial. Defendants merely restate their affirmative defenses of estoppel, that Plaintiff's damages were caused by events beyond Defendants' control, waiver, and novation, and that the affirmative defenses "raise fact issues regarding the claims."  Defendants question the affidavit submitted by Opus Portfolio and expand on their arguments of novation and estoppel.  Koz and New Horizons present no affidavit nor do they provide any evidence to support their position or contradict Plaintiff's evidence.  Defendants may not rely on their own denials and allegations in their pleading in an attempt to contradict Plaintiff's summary judgment evidence.  Consequently, there is no genuine issue of fact for dispute.

## Conclusion

Plaintiff's motion for summary judgment is GRANTED.  A motion for attorney fees may be submitted in accordance with the Local Rules of the Western District of Texas.

It is so ORDERED.

SIGNED this 30th day of April, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE