IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| OPUS PORTFOLIO, LTD., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No.  SA-09-CV-363-XR |
| § | |
| JOSEPH P. KOZ and § | |
| NEW HORIZONS INTERNATIONAL, § | |
| § | |
| *Defendants*. § | |

## ORDER ON MOTION FOR ATTORNEY FEES

On this day, the Court considered Plaintiff's Motion for Attorney Fees (Docket Entry No. 28). Defendants have not responded to the motion, but after the Judgement issued and before the Plaintiff moved for attorney fees, a suggestion of death was filed as to Defendant Joseph P. Koz. Having considered the motion, the relevant authority, counsel's detailed expense sheets, the median fee rate for the metropolitan area where this Court is located, and declarations of counsel, the Court GRANTS Plaintiff' motion.

### Background

Plaintiff Opus Portfolio and Defendants Joseph P. Koz and New Horizons International executed four promissory notes payable to Opus Portfolio. Opus Portfolio is the owner and holder of the notes. Koz and New Horizons did not pay the amounts due nor did they pay the accrued interest. Opus Portfolio filed suit for breach of contract, claiming that Defendants owed $600,000 in principal plus interest of $36,791.08.

### Procedural History

On April 30, 2010, the Court granted Plaintiff's motion for summary judgment for breach

of contract[1] and issued a Judgment in favor of Plaintiff.[2] As part of the Judgment, the Court awarded costs and attorney's fees in an amount to be determined in a subsequent motion. On May 6, 2010, Defendants' counsel notified the Court that Defendant Joseph P. Koz had died.[3] Plaintiff filed a motion for attorney fees on May 10, 2010.

**Legal Standard**

"A fee award is governed by the same law that serves as the rule of decision for the substantive issues in the case." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Texas law allows an award of attorney fees if permitted by statute or allowed by contract. *Med. City Dallas, Ltd. v. Carlisle Corp.*, 251 S.W.3d 55, 58 (Tex. 2008) (citing *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006)). Texas law specifically allows for recovery of attorney fees for breach of contract. TEX. CIV. PRAC. & REM. CODE § 38.001(8). This Court has examined the application of that statute in assessing an attorney fee award.

> The award of reasonable attorneys' fees is mandatory under section 38.001 if the plaintiff prevails in his or her breach of contract claim and recovers damages. *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 603, 613 (5th Cir. 2000) (citing *Green Int'l Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997)). The trial court has the discretion to determine the appropriate amount of attorney's fees following a successful claim under section 38.001. *Id.* at 613. The Texas Civil

---

[1] Order on Mot. for Summ. J., Apr. 30, 2010 (Docket Entry No. 26).

[2] Judgment, Apr. 30, 2010 (Docket Entry No. 27).

[3] Statement Noting the Death of Joseph P. Koz, May 6, 2010 (Docket Entry No. 28). Judgment was already rendered against Joseph P. Koz and New Horizons International. "The Supreme Court has made clear that 'a decision on the merits is a 'final decision' for purposes of § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case." *In re Pratt (Cadle Co. v. Pratt)*, 524 F.3d 580, 585 (5th Cir. 2008) (quoting *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202–03, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988)).

>Practice and Remedies Code provides a rebuttable presumption that usual and customary fees are reasonable. TEX. CIV. PRAC. & REM. CODE § 38.003. The judge entertaining a motion for attorney's fees may take judicial notice of reasonable and customary fees, along with the case file. *Id.* § 38.004.

*Export Worldwide, Ltd. v. Alfred Knight*, SA-05-CA-647-XR, 2007 WL 1300468 (W.D. Tex. May 3, 2007). "The preferred method of computing a reasonable fee under section 38.001 is the 'lodestar' method, or 'the product of reasonable hours times a reasonable rate.'" *Id.* (quoting *Toshiba Mach. Co., Am. v. SPM Flow Control, Inc.*, 180 S.W.3d 761 (Tex. App.—Fort Worth 2005, no pet.)). Once the Court determines the lodestar amount, the Court may then adjust the award based on the factors listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Dillard Dep't Stores, Inc. v. Gonzales*, 72 S.W.3d 398, 412 (Tex. App.—El Paso 2002, pet. denied). A court still reviews requested attorney fees even if the motion is unopposed. *See, e.g.*, *Harvey v. Baton Rouge Marine Contractors*, No. 08-459-JVP-CN, 2009 WL 331594, at *7 (M.D. La. Feb. 10, 2009) (noting that amount of requested attorney fees was unopposed but reviewing the reasonableness of the amount); *S.E.C. v. AmeriFirst Funding, Inc.*, No. 3:07-CV-1188-D, 2008 WL 2185193, at *1 (N.D. Tex. May 21, 2008) (stating that court can adjust attorney fee request *sua sponte* although no party has opposed the amount).

**Analysis**

The promissory notes between Opus Portfolio and Koz and New Horizons International allow for the recovery of reasonable attorney fees and court costs.[4] Also, as the prevailing party in this

---

[4]The relevant provision in each promissory note reads:
>If this note is given to an attorney for collection or enforcement, or if suit is brought for collection or enforcement, or if it is collected or enforced through probate, bankruptcy, or other judicial proceeding, then Maker shall pay Payee all costs of collection including

3

case, Opus Portfolio is entitled to attorney fees under the Texas statute.

Here, counsel requests attorney fees of $18,750.00. Opus Portfolio presents this amount as the product of reasonable hours times a reasonable rate commensurate with the level of experience of the one attorney or single legal assistant who performed the task. Counsel has not requested attorney fees for post-judgment activities. The motion contains detailed time sheets as an exhibit, which the Court has reviewed. The rate charged by the attorney are above the median rates charged by attorneys in the San Antonio Metropolitan Statistical Area in 2005 but below the 75th percentile of rates charged that year.[5] Counsel declares that the fees charged are for work actually performed and that the fees are reasonable and in accordance with his twenty-four years of experience as a lawyer practicing commercial litigation.

Considering the factors of *Johnson v. Georgia Highway Express, Inc.*, the Court finds that the fees are reasonable. With regard to the time expended on this case, Plaintiff needed to serve Defendant Joseph P. Koz on a ship that sailed the world and needed a Court order to authorize the United States Marshals to serve Mr. Koz. Furthermore, discovery proved difficult for Opus Portfolio since Mr. Koz resided on the ship and could not be deposed. While novelty is not a factor that bears on the fees in this case because this was not a case of first impression, the difficulty in reaching Mr. Koz forced Plaintiff's counsel to undertake additional actions to serve Defendants and attempt to

---

reasonable attorney's fees and court costs, in addition to other amounts due. Reasonable attorney's fees shall be 10% of all amounts due unless neither party pleads otherwise.

Promissory Note 2 (Oct. 19, 2005); Promissory Note 1 (Dec. 20, 2005); Promissory Note 1–2 (Jam. 18, 2006); Promissory Note 1 (Apr. 17, 2006).

[5]*See* STATE BAR OF TEX. DEP'T OF RESEARCH & ANALYSIS, HOURLY RATES 2005 REPORT 26 (Sept. 21, 2006).

depose Mr. Koz.  Counsel's fee request is customary in this metropolitan area commensurate with the experience and ability of the attorney and paralegal who worked on this case.

Counsel's fee is not excessive in light of the amount obtained.  The Court awarded Opus Portfolio over $600,000 in damages and Plaintiff only seeks $18,500.00 in attorney fees.  Moreover, the promissory notes state that the parties contemplated that reasonable attorney fees would be 10% of the amount due.  The amount requested by Opus Portfolio is only 3% of the amount awarded.

## Conclusion

The Court finds the requested fees reasonable and hereby GRANTS Plaintiff's motion.  IT IS THEREFORE ORDERED that Plaintiff is awarded $18,500.00 in attorney fees.

It is so ORDERED.

SIGNED this 27th day of May, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE