IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| OPUS PORTFOLIO, LTD., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-09-CV-363-XR |
| | § | |
| JOSEPH P. KOZ and | § | |
| NEW HORIZONS INTERNATIONAL, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER ON MOTION FOR RELIEF FROM JUDGMENT**

On this day, the Court considered Defendant's motion for relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

On April 30, 2010, this Court entered Judgment in favor of Plaintiff Opus Portfolio, Ltd. and against Defendants Joseph P. Koz and New Horizons International.[1] Defendants' counsel filed a Suggestion of Death on behalf of Joseph P. Koz on May 6, 2010.[2] On May 27, 2010, this Court ruled on Plaintiff's motion for attorney fees as a matter collateral to the judgment.[3] On May 28, 2010, Defendants' counsel moved the Court for a temporary abatement and relief from the judgment and order on attorney fees so that it may substitute an appropriate party in place of Joseph P. Koz. Defendants make this request pursuant to Rule 60(b)(6), which allows for relief from a final judgment and order "for any other reason that justifies relief." *See* FED. R. CIV. P. 60(b)(6). Counsel requests that the Court abate its judgment for a period of days equivalent to the amount of time

---

[1] Judgment, Apr. 30, 2010 (Docket Entry No. 26).

[2] Suggestion of Death, May 6, 2010 (Docket Entry No. 27).

[3] Order on Mot. for Attorney Fees, May 27, 2010 (Docket Entry No. 29).

afforded in Federal Rule of Civil Procedure 25 for substituting a party following a suggestion of death. *See id.* R. 25(a). Counsel requests the time so that the executor of the decedent's estate or his heirs may make necessary decisions regarding an appeal. *See* FED. R. APP. P. 4(a)(1)(a) (requiring notice of appeal to be filed within 30 days after the judgment).

Federal Rule of Appellate Procedure 43(a)(2), however, directly addresses this issue. Pursuant to the Rule:

> If a party entitled to appeal dies before filing a notice of appeal, the decedent's personal representative—*or, if there is no personal representative, the decedent's attorney of record*—may file a notice of appeal within the time prescribed by these rules. After the notice of appeal is filed, substitution must be in accordance with Rule 43(a)(1).

*Id.* R. 43(a)(2) (emphasis added). The authors of the Rule contemplated this scenario and direct the appealing party to abide by the time limitations.

Consequently, there is no basis for the Court to abate its judgment and related orders pursuant to Federal Rule of Civil Procedure 60(b)(6).

The motion is DENIED.

It is so ORDERED.

SIGNED this 1st day of June, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE